# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| ANTONIO VINCENT GRAY,<br><br>              Plaintiff,<br><br>vs.<br><br>JERRY BURT,<br><br>              Defendant. | No. C12-0070-LRR<br><br>ORDER |

The matter before the court is the plaintiff's application to proceed in forma pauperis (docket nos. 2 & 3), filed on July 19, 2012, and application for appointment of counsel (docket no. 10), filed on August 27, 2012.

Previously, the court directed the plaintiff to submit a certificate of inmate account and a signed complaint. The plaintiff complied with the court's directives on August 27, 2012. Based on the plaintiff's application and certificate of inmate account, it is clear that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee.

Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money

damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based his average monthly deposits, the court finds that the initial partial filing fee is $5.98. *Id*. The plaintiff shall submit $5.98 by no later than December 11, 2012. *Id*. If the court does not receive payment by this deadline, the instant action shall be dismissed. *See* Fed. R. Civ. P. 41(b) (permitting dismissal where a plaintiff either fails to prosecute or fails to respond to an order of the court); *Hutchins v. A.G. Edwards & Sons*, 116 F.3d 1256, 1259-60 (8th Cir. 1997) (explaining court's power to dismiss an action); *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 779-80 (8th Cir. 1995) (same), abrogated on other grounds by *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection

of filing fee to the appropriate official at the place where the plaintiff is an inmate. The court shall reserve ruling on the plaintiff's claims for purposes of 28 U.S.C. § 1915(e)(2)(B).

Lastly, appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court does appoint attorneys in actions that arise under 42 U.S.C. § 1983, it is not required to appoint an attorney. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case). Given the points that it made in its prior order, the court finds that appointing an attorney is not necessary. Accordingly, the application for appointment of counsel shall be denied.

**IT IS THEREFORE ORDERED**:

1) The application to proceed in forma pauperis status (docket nos. 2 & 3) is granted.

2) The clerk's office is directed to file the complaint without the prepayment of the filing fee.

3) The plaintiff is directed to submit an initial partial filing fee of $5.98 by no later than December 11, 2012. The instant action will be dismissed unless either the initial partial filing fee of $5.98 is received by December 11, 2012 or the court grants an enlargement of time to pay the initial partial filing fee in response to a written motion.

4) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set

forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

5) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

6) The court reserves ruling on the plaintiff's claims for purposes of 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A.

7) The application for appointment of counsel (docket no. 10) is denied.

**DATED** this 26th day of November, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA