# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| ANTONIO VINCENT GRAY, | |
| Plaintiff, | No. C12-0070-LRR |
| vs. | **ORDER** |
| JERRY BURT, | |
| Defendant. | |

## I. INTRODUCTION

The matter before the court is an order dated November 27, 2012 (docket no. 11). Pursuant to such order, the court directed the plaintiff to submit an initial partial payment of the filing fee and monthly payments thereafter. The plaintiff only complied with the court's former directive. Namely, the plaintiff submitted an initial partial payment of the filing fee and one monthly payment. However, since making one monthly payment in March of 2013, the plaintiff took no steps to make certain that he submitted monthly payments thereafter. Because he has failed to make additional monthly payments, it is appropriate to dismiss the plaintiff's action. Despite the plaintiff's failure to comply with the court's directive, the court deems it appropriate to review the merits of the plaintiff's complaint and supplement.[1]

## II. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged

---

[1] The court notes that the plaintiff is no longer an inmate and resides in an apartment. Consistent with the court's prior order, the plaintiff is directed to submit monthly payments of at least $5.00 per month.

are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g., Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

### III. CLAIMS ASSERTED

The plaintiff, proceeding pro se, submitted a complaint to redress issues that are related to his confinement at the Anamosa State Penitentiary in Anamosa, Iowa. Jurisdiction appears to be predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears to be proper as the events giving rise to the instant action occurred in this district and the defendant is located in this district.

In the statement of claim portion of the complaint (docket no. 1), the plaintiff indicates the following:

> I was a resident of the Anamosa mens' reformatory on 2-19-11. The defendant, Warden Jerry Burt, knew that inmate Deron Humes was a violent person and, on 2-19-11, Deron Humes assaulted me without a reason for doing so. Such

> assault caused me permanent injury that did and does cause a lot of pain and suffering. I had to have a cadaver bone and plate put into my neck (a spinal fusion). The defendant, Warden Jerry Burt is required by law to provide a safe environment for me and he did not ensure that I was safe. He is responsible for my safety because I am under his care and supervision. I now have limited mobility, loss of coordination, nerve damage and pain and suffering.

In his supplement (docket no. 13), the plaintiff states that he is dissatisfied with the medical staff of the Clarinda Correction Facility because they opened mail that the University of Iowa Hospitals and Clinics sent to him. In addition, the plaintiff submitted with his supplement several exhibits, including but not limited to his medical records that the University of Iowa Hospitals and Clinics sent to him. As relief, the plaintiff states that he wants $1,000,000 in punitive damages, $1,000,000 for mental anguish, $1,000,000 for declaratory relief and whatever else is deemed appropriate.

## IV. ANALYSIS

### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Congress enacted 42 U.S.C. § 1983 to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] §

3

1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (stating that 42 U.S.C. § 1983 "merely provides 'a method for vindicating federal rights elsewhere conferred'" (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979))); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) (stating that "Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) "the violation of a right secured by the Constitution or laws of the United States", and (2) the alleged deprivation of that right "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claims[2]

Given the facts that are alleged in the complaint, the court concludes that the plaintiff's assertions do not give rise to a viable claim under 42 U.S.C. § 1983. The

---

[2] The court previously informed the plaintiff that he must *fully* exhaust administrative remedies prior to commencing an action. *See* 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) (stating exhaustion in cases covered by 42 U.S.C. § 1997e(a) is mandatory); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (concluding dismissal is required when an inmate has not administratively exhausted before filing a lawsuit in district court). It appears from the plaintiff's complaint that he only submitted a grievance in the prisoner grievance procedure within the Clarinda Correctional Facility, not the prisoner grievance procedure within the Anamosa State Penitentiary. Because the plaintiff failed to comply with 42 U.S.C. § 1997e(a) before filing his action, an affirmative defense exists and dismissal could have been sought on that basis. *See Kendrick v. Pope*, 671 F.3d 686, 689 (8th Cir. 2012); *see also Jones v. Bock*, 549 U.S. 199, 211-17 (2007) (stating that the failure to exhaust is an affirmative defense); *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005) (stating that a defendant has the burden of proving the failure to exhaust). Nevertheless, nothing prevents the court from reviewing the merits of the plaintiff's claims. *See Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (finding exhaustion requirements under 42 U.S.C. § 1997e(a) not met and dismissing case under 42 U.S.C. § 1997e(c)).

plaintiff's claim against Jerry Burt fails because liability under 42 U.S.C. § 1983 may not be grounded upon a respondeat superior theory. *See Canton v. Harris*, 489 U.S. 378, 385 (1989); *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Chambers v. St. Louis County*, 247 F. App'x 846, 848 (8th Cir. 2007); *Tlamka v. Serrel*, 244 F.3d 628, 635 (8th Cir. 2001). Contrary to the plaintiff's contention, Jerry Burt is not liable under 42 U.S.C. § 1983 merely because he is the warden of the Anamosa State Penitentiary. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (stating that a plaintiff must plead that each defendant, through defendant's own individual actions, has violated the Constitution).

In addition, although it is true that prisoners have a right to be free from violence at the hands of other prisoners, *see Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *see also Latimore v. Widseth*, 7 F.3d 709, 712 (8th Cir. 1993) (holding that a plaintiff's "Eighth Amendment right . . . 'to be protected from harm by fellow inmates'" is "well established in the law" (quoting *Smith v. Marcantonio*, 910 F.2d 500, 501 (8th Cir. 1990))), not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834; *see also Andrews v. Siegel*, 929 F.2d 1326, 1330-31 (8th Cir. 1991) (noting that "some violence in prisons may be unavoidable due to the character of the prisoners" (quoting *Martin v. White*, 742 F.2d 469, 475 (8th Cir. 1984)) (internal quotation mark omitted)). Rather, to establish an "unconstitutional failure to protect from harm [claim], [the plaintiff] must show (1) an 'objectively, sufficiently serious' deprivation, meaning that he was incarcerated under conditions posing a substantial risk of serious harm, and (2) that the defendant was deliberately indifferent to the substantial risk of serious harm." *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010) (citation omitted) (quoting *Farmer*, 511 U.S. at 834); *accord Crow v. Montgomery*, 403 F.3d 598, 601-02 (8th Cir. 2005) (citing *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003) and *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998)); *see also Blades v. Schuetzle*, 302 F.3d 801, 803-04 (8th Cir. 2002) (discussing what must be established to succeed on

a constitutional failure to protect claim); *Jensen v. Clarke*, 94 F.3d 1191, 1197 (8th Cir. 1996) (stating that the first requirement is intended to "ensure[] that the deprivation is sufficiently serious to amount to a deprivation of constitutional dimension" and the second requirement is intended to "ensure[] that 'only the unnecessary and wanton infliction of pain implicates the [Constitution]'" (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991))).

Here, it cannot be said that any "act or omission [by the named defendant resulted] in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The plaintiff fails to allege that the defendant was "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed].'" *Schoelch*, 625 F.3d at 1046 (quoting *Farmer*, 511 U.S. at 837); *see also Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011) (stating that a showing of deliberate indifference "mandat[es] the prisoner prove the official both knew of and disregarded 'an excessive risk to inmate health or safety'" (quoting *Farmer*, 511 U.S. at 837)); *Pagels*, 335 F.3d at 740 (providing that a prison guard's negligence is not enough to establish reckless indifference); *Andrews v. Siegel*, 929 F.2d 1326, 1330 (8th Cir. 1991) (stating that a plaintiff "'must show the defendant[] [was] deliberately indifferent to his constitutional rights, either because [the defendant] actually intended to deprive him of some right, or because [the defendant] acted with reckless disregard of his right to be free from violent attacks by fellow inmates'" (quoting *Miller v. Solem*, 728 F.2d 1020, 1024 (8th Cir. 1984))). Because the plaintiff merely asserts that the prison knew as a general matter that an inmate was a violent person and, as such, put other prisoners at risk for injury, he offers insufficient facts to support the conclusion that the defendant or any other prison official acted in a deliberately indifferent manner.

Further, many, if not all, of the plaintiff's factual allegations are belied by the medical records that he submitted in support of his claim. For instance, it is clear that: (1) in October of 2011, he was seen at the University of Iowa Hospitals and Clinics because of right-sided weakness; (2) in early December of 2011, he was seen at the University of

Iowa Hospitals and Clinics and reported that his right-sided weakness had an ill-defined time of onset but he was fine in April of 2011 and thought it possibly may have occurred in June of 2011; (3) in late December of 2011, he received a principle diagnosis of hemiparesis on the right upper and lower extremities with myelopathy on the right side of his body due to a disk bulge at C4-5, he expressed his desire to proceed with surgical intervention to halt the progress of his cervical spondylosis with myelopathy and he underwent surgery; (4) in January of 2012, he was seen at the University of Iowa Hospitals and Clinics and reported that his strength on his non-dominant right side was improving and he was very pleased; (5) in February of 2012, he was seen at the University of Iowa Hospitals and Clinics and reported that he could walk and his strength was improved; (6) in May of 2012, he was seen at the University of Iowa Hospitals and Clinics and reported that he was doing well, running routinely and had no neck pain; and (7) in December of 2012, he was seen at the University of Iowa Hospitals and Clinics and reported that he was "doing great" and his exercise routine included running, sprints, jumping rope, dips, pull ups, push ups, elliptical, sit ups and other cardio activities. Nowhere in his medical records does it suggest that he ever saw a doctor because he was assaulted or that his condition was related to an assault. Moreover, cervical spondylosis with myelopathy is a neck and spinal cord condition that occurs with age-related wear and tear. And, contrary to the plaintiff's July of 2012 assertion that he had limited mobility, loss of coordination, nerve damage and pain and suffering, the medical records reflect that he was running routinely and had no neck pain in May of 2012. So, the majority of the plaintiff's factual assertions are contradicted by the medical records that he offered in support of his claim.

Lastly, as to the plaintiff's interference with legal mail claim, it is frivolous. The plaintiff acknowledges that the mail that was opened outside his presence was from the University of Iowa Hospitals and Clinics, not from the court, court staff or an attorney. And, the plaintiff fails to allege that he suffered any prejudice as a result of having his mail

opened by officials at the Clarinda Correctional Facility. *See Beaulieu v. Ludeman*, 690, F.3d 1017, 1037 (8th Cir. 2012).

In light of the foregoing, the plaintiff's complaint shall be dismissed for failing to respond to an order of the court and it shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's 42 U.S.C. § 1983 action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

(2) The dismissal of the instant action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**DATED** this 11th day of March, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA